UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWARD BOWDEN,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No. 2:18-CV-02062-WBS-AC<br><br><br>ORDER |

----oo0oo----

After reviewing the parties' Joint Status Report (Docket No. 16), the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for April 15, 2019, and makes the following findings and orders without needing to consult with the parties any further.

I. SERVICE OF PROCESS

With the exception of defendant Rosa Junquiero, the defendants have been served. Plaintiffs are to serve Rosa Junquiero on or before May 1, 2019. No other service is permitted except with leave of court, good cause having been

1

shown under Federal Rule of Civil Procedure 16(b).

II.   JOINDER OF PARTIES/AMENDMENTS TO PLEADINGS

No further joinder of parties or amendment to pleadings is permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III.  JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1443. Plaintiff's claims arise under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  Supplemental jurisdiction over plaintiffs' associated state law claims is predicated upon 28 U.S.C. § 1367.  Venue is undisputed and is hereby found to be proper.

IV.   DISCOVERY

The parties agree to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by May 15, 2019.  They shall timely supplement those disclosures pursuant to Rule 26(e).

The parties shall disclose any experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than September 11, 2020.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before October 9, 2020.

All other discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by November 13, 2020.

The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than November 13, 2020.

V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before January 8, 2021. All motions shall be noticed for the next available hearing date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for March 15, 2021 at 1:30 p.m. in Courtroom No. 5. The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. Counsel for all parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel shall file separate pretrial statements, and are referred to Local Rules 281 and 282 relating to the contents of and time for filing those statements. In addition to those subjects

1  listed in Local Rule 281(b), the parties are to provide the court
2  with: (1) a plain, concise statement which identifies every non-
3  discovery motion which has been made to the court, and its
4  resolution; (2) a list of the remaining claims as against each
5  defendant; and (3) the estimated number of trial days.
6  　　　　　In providing the plain, concise statements of
7  undisputed facts and disputed factual issues contemplated by
8  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
9  that remain at issue, and any remaining affirmatively pled
10 defenses thereto.  If the case is to be tried to a jury, the
11 parties shall also prepare a succinct statement of the case,
12 which is appropriate for the court to read to the jury.
13 VII.   TRIAL SETTING
14 　　　　　A jury trial is set for May 18, 2021 at 9:00 a.m.  The
15 parties estimate that trial will last between seven and ten days.
16 VIII.  SETTLEMENT CONFERENCE
17 　　　　　A Settlement Conference will be set at the time of the
18 Pretrial Conference.  All parties should be prepared to advise
19 the court whether they will stipulate to the trial judge acting
20 as settlement judge and waive disqualification by virtue thereof.
21 Counsel are instructed to have a principal with full settlement
22 authority present at the Settlement Conference or to be fully
23 authorized to settle the matter on any terms.  At least seven
24 calendar days before the Settlement Conference counsel for each
25 party shall submit a confidential Settlement Conference Statement
26 for review by the settlement judge.  If the settlement judge is
27 not the trial judge, the Settlement Conference Statements shall
28 not be filed and will not otherwise be disclosed to the trial

judge.

IX.  MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

Dated: April 11, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE