UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWARD BOWDEN, | No. 2:18-cv-2062 WBS AC |
| Plaintiff, | |
| v. | ORDER RE: DEFENDANT ROSA JUNQUEIRO'S MOTION TO DISMISS |
| STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTIATION; COUNTY OF SAN JOAQUIN; SAN JOAQUIN COUNTY SHERIFF'S OFFICE; ROSA JUNQUEIRO, in her individual and official capacity; and DOES 1 to 100, in their individual and official capacity, | |
| Defendants. | |

----oo0oo----

Plaintiff Edward Bowden brought this civil rights action against various entities and officials of the state of California. Before the court is defendant Rosa Junqueiro's Motion to Dismiss plaintiff's complaint. (Docket No. 18.) Despite being contacted by the courtroom deputy and being asked

1

for a response, plaintiff's counsel has not filed an opposition to this motion or requested a continuance. Accordingly, the court decides the motion without a hearing. See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

On February 18, 2016, plaintiff was transported to Manteca, California to attend court proceedings. (Compl. ¶ 22 (Docket No. 1-1).) Plaintiff alleges that, after his proceedings, he was left in the courthouse's holding cell for almost eight hours and, during that time, he could not properly use his catheter. (See id. ¶¶ 31-34.) Plaintiff claims that once he returned to his California Department of Corrections and Rehabilitation facility in Tracy, California, he noticed that his urine was bright red. (Id. ¶¶ 40-42.) Plaintiff states that over the next eleven days, he continued to have bleeding, urinary canal blockage, diarrhea, painful urination, night sweats, chills, and a fever. (Id. ¶ 45.) He contends that defendants, by placing him in unsanitary conditions and denying his request to self-catheterize, caused his injuries and violated his Eighth Amendment rights. (Id. ¶¶ 56-57.)

Plaintiff filed this action in San Joaquin Superior Court on March 16, 2017. On June 27, 2018, plaintiff served the complaint on the Clerk of the Board of Supervisors. Defendants removed plaintiff's lawsuit to this court on July 27, 2018. (Docket No. 1.) Defendant Rosa Junqueiro, an employee in the Manteca Courthouse, now moves to dismiss the complaint against her in full.

2

1 | On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (citations and quotations omitted).

Plaintiff merely asserts that Junqueiro, as the purported "CEO" of the Manteca Courthouse, is responsible for the conduct alleged in his general allegations. (See Compl. ¶¶ 8, 75.) A complaint will not survive a motion to dismiss, however, if it "tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. Such is the case here. Plaintiff does not explain how he knows that Junqueiro participated in the offending conduct. The lack of any facts alleging specific wrongful conduct by this defendant is fatal to every single one of plaintiffs' claims against her. To properly allege his 42 U.S.C. § 1983 claims, plaintiff must show that Junqueiro "personally played a role in violating the Constitution." See Hines v. Youseff, 914 F.3d 1218, 1228 (9th Cir. 2019). Similarly, plaintiff's singular allegation of a conspiracy is insufficient to plead the existence of one. See

Holgate v. Baldwin, 425 F.3d 671, 676-77 (9th Cir. 2005); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) (stating that a 42 U.S.C. § 1986 claim fails if the plaintiff cannot properly allege the existence of a conspiracy under 42 U.S.C. § 1985). Finally, plaintiff cannot sustain any of his state law claims against Junqueiro. Every single one of them requires that plaintiff detail culpable acts or omissions on part of this defendant. See Sanwal v. Cty. of Sacramento, No. 2:11-CV-0187 JAM KJN, 2011 WL 2559388, at *10 (E.D. Cal. June 27, 2011) (finding that the lack of any factual allegations describing the involvement of the defendant in the offending conduct rendered the plaintiff's state law tort claims deficient).

Accordingly, the court will dismiss plaintiff's claims against Junqueiro.[1]

IT IS THEREFORE ORDERED that Rosa Junqueiro's Motion to Dismiss plaintiff's complaint (Docket No. 18) be, and the same hereby is, GRANTED. Because plaintiff has not requested leave to amend his complaint, nor suggested that he can cure the above defects by amendment, the court will not *sua sponte* grant him leave to do so. This action is accordingly DISMISSED WITH PREJUDICE as against defendant Rosa Junqueiro.

Dated: June 26, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Because the court dismisses these claims under Rule 12(b)(6), the court does not address any of the other grounds put forth in defendant's motion.

4