UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BOWDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No. 2:18-cv-02062 WBS AC<br><br>ORDER |

This matter is before the court on defendant the County of San Joaquin's motion to compel discovery responses and for monetary sanctions. ECF No. 25. This discovery motion was referred to the undersigned pursuant to Local Rule 302(c)(1). The motion was noticed for hearing on July 31, 2019.

Because plaintiff has completely failed to respond to defendant's discovery requests, Local Rule 251(e) applies. See E.D. Cal. L.R. 251(e) (providing that the requirement that the parties file a Joint Statement re Discovery Disagreement does not apply "when there has been a complete and total failure to respond to a discovery request or order"). Under Local Rule 251(e), a responding party must file a response to the discovery motion at issue no later than seven days before the hearing date, or in this instance, by July 24, 2019. The deadline has passed, and plaintiff has not filed any response to defendant's motion. Therefore, plaintiff will not be entitled to be heard on the motion, and the hearing on the motion will be VACATED. Upon review of

1

defendant's motion, as well as the entire record, defendant's unopposed motion to compel will be GRANTED for the following reasons.

**I. Relevant Background**

In March 2017, plaintiff filed this civil rights action in San Joaquin Superior Court against various entities and officials of the state of California, including the County of San Joaquin ("the County"). The case was removed to this court on June 27, 2018.[1] ECF No. 1. On April 12, 2019, the County served plaintiff by mail with Interrogatories, Set One and Requests for Production of Documents, Set One. ECF No. 25.2 at 5-18. On May 15, 2019, plaintiff's counsel requested an extension to provide responses by May 30, 2019, which the County granted. Id. at 20. On May 30, plaintiff's counsel requested a further extension to June 4, 2019, which was again granted. Id. at 2, 22. Plaintiff did not provide responses by that date. Id. at 2. On June 12, 2019, defense counsel requested verified responses by June 19, 2019 in order to avoid seeking court intervention. Id. at 24. Plaintiff's counsel did not respond to the request or provide responses by June 19. Id. at 2. On June 20, 2019, defense counsel emailed plaintiff's counsel requesting an update. Id. at 26. On June 23, 2019, plaintiff's counsel replied, apologizing for the delay due to a heavy work schedule, and stating that no motion to compel was necessary because responses would be provided the week of July 1, 2019. Id. As of the July 12, 2019 motion filing date, the County had not received any responses. Id. at 2.

**II. Discussion**

Defendant moves to compel responses to its interrogatories and requests for production, and seeks monetary sanctions for fees associated with filing the motion. ECF No. 25.

A. <u>Failure to Respond to Discovery Requests</u>

The Federal Rules require parties to respond to propounded interrogatories and requests for production within 30 days. See Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."), 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days

---

[1] On June 27, 2019, the district court granted a motion dismissing with prejudice one of the individual named defendants. ECF No. 24.

after being served . . . ."). Under Rule 37(a), a party may move for an order compelling disclosure or discovery if a party fails to answer an interrogatory submitted under Rule 33, or fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

In this case, the County properly served plaintiff with its first set of interrogatories and requests for production on April 12, 2019. The undisputed timeline of events preceding the instant motion confirms that plaintiff has had several opportunities to provide the discovery in question, and that defense counsel has been reasonable in granting extensions and attempting to resolve this dispute. Plaintiff's responses were originally due on May 15, 2019. See Fed. R. Civ. P. 33(b)(2) (30 days), 34(b)(2)(A) (same); see also Fed. R. Civ. P. 6(d) (adding 3 days for service by mail). Although the parties agreed to extend the deadline to June 4, 2019, plaintiff's responses are now nearly two months overdue from that extended deadline.

Because plaintiff has completely failed to timely respond or object to the discovery requests, he has waived any objections to them. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). Plaintiff's lack of opposition to defendant's motion to compel further prevents the undersigned from finding good cause to permit plaintiff to assert any objections to the written discovery at issue. Accordingly, defendant's motion to compel plaintiff to respond to its Interrogatories, Set One and Requests for Production of Documents, Set One will be granted, and plaintiff will be ordered to provide those responses within ten days and without objections.

B. Sanctions

Defendant seeks sanctions of $900.00 for the cost of bringing this motion. ECF No. 25.2 at 2 (specifying 4 hours spent preparing the motion, at an hourly rate of $225). Rule 37(a) provides that if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion

unless the moving party failed to attempt in good faith to obtain the discovery or disclosures without court action, the non-disclosure was substantially justified, or the circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Rule 37(d) further provides that the court may "order sanctions if: . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

Here, defendant attempted in good faith to obtain the discovery responses without court action, plaintiff has provided no justification for his failure to timely respond to defendant's discovery requests, and the court is aware of no other circumstances that would make an award of expenses unjust. The court finds the amount of the request and the time spent preparing the motion to be reasonable. Accordingly, plaintiff will be ordered to reimburse the County $900.00 for the expenses incurred in making this motion to compel.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The July 31, 2019 hearing on defendant's motion to compel is vacated;
2. Defendant's motion to compel plaintiff to answer its interrogatories and to respond to its requests for production (ECF No. 25) is GRANTED;
3. Within ten days of entry of this order, plaintiff shall serve defendant with answers to its Interrogatories, Set One and responses to its Requests for Production of Documents, Set One; and
4. Also within ten days of entry of this order, plaintiff shall reimburse defendant for the reasonable expenses incurred in making its motion to compel, in the total amount of $900.00.

IT IS SO ORDERED.

DATED: July 29, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4