UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EDWARD BOWDEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-02062 WBS AC<br><br>ORDER GRANTING JUDGMENT ON THE PLEADINGS |

----oo0oo----

　　　　Plaintiff Edward Bowden brought this civil rights action against, inter alia, the California Department of Corrections and Rehabilitation ("CDCR") for failing to provide him with adequate medical care pursuant to 42 U.S.C. § 1983 and state law. (Docket No. 1.) CDCR now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docket No. 28.) Plaintiff did not file an opposition to CDCR's motion.

　　　　The standard for assessing a Rule 12(c) motion for judgment on the pleadings is "substantially identical to [the] analysis under Rule 12(b)(6)." Chavez v. United States, 683 F.3d

1

1102, 1108 (9th Cir. 2012); see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and [] 'the same standard of review' applies to motions brought under either rule."). In sum, a "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." Fajardo v. Cty. of L.A., 179 F.3d 698, 699 (9th Cir. 1999).

The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The CDCR is one such state agency that is immune from liability under the Eleventh Amendment. See, e.g., Brown v. Cal. Dep't of Corrs., 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); Fulcher v. Cal. Dep't of Corrs., 297 Fed. App'x 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections ... is a state agency that is immune from liability under the Eleventh Amendment."). CDCR has not waived its Eleventh Amendment immunity in this case, (see CDCR Answer at 5 ¶ 8 (Docket No. 15)), and California "has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Accordingly, the court will grant CDCR's motion for judgment on the pleadings as to plaintiff's federal claims.

Plaintiff also brings state law claims against CDCR for

1  violation of California Welfare and Institutions Code § 15657 and
2  intentional infliction of emotional distress.  (Compl. ¶¶ 91-94,
3  107-09 (Docket No. 1-1).)  However, under the California law a
4  public entity is not liable for any injury to a prisoner.  See
5  Cal. Gov. Code § 844.6(a)(2).  "Injury" is broadly construed to
6  cover both physical and emotional damage.  Cal. Gov. Code §
7  810.8.  Consequently, CDCR as an entity cannot be held liable for
8  plaintiff's injuries.  Furthermore, CDCR's immunity as a state
9  agency under the Eleventh Amendment extends to immunize them from
10 liability under plaintiff's state law claims.  See Pennhurst
11 State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984); see
12 also Ashker v. Cal. Dep't of Corrs., 112 F.3d 392, 394 (9th Cir.
13 1997) (noting a suit against CDCR arising under state law would
14 be barred by the Eleventh Amendment).  Accordingly, the court
15 will also grant CDCR's motion for judgment on the pleadings as to
16 plaintiff's state law claims.
17         IT IS THEREFORE ORDERED that the California Department
18 of Corrections and Rehabilitation's motion for judgment on the
19 pleadings be, and the same hereby is, GRANTED.  Because the
20 deficiencies in plaintiff's complaint can be cured, no further
21 leave to amend will be permitted.[1]
22 Dated:  June 9, 2020

        WILLIAM B. SHUBB
        UNITED STATES DISTRICT JUDGE

---

[1] Although Rule 12(c) does not mention leave to amend, courts have the discretion to grant a Rule 12(c) motion with leave to amend.  See, e.g., Woodson v. California, No. 2:15-cv-01206 MCE CKD, 2017 WL 2654821, at *3 (E.D. Cal. June 20, 2017).  However, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."  See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1031 (9th Cir. 2011).

3